WEBB *et al. vs.* WINTER *et al.*

The consignee named in a bill of lading is to be deemed, *prima facie*, the owner of the goods mentioned therein, and upon payment of freight, may maintain an action against any person who assumes a control over them in violation of his right of property.

A merchant of Baltimore shipped to the plaintiffs at San Francisco certain goods by a bill of lading in which they were named as the consignees, and which required the delivery of the goods to them, on their paying freight.   On the arrival of the ship at San Francisco, the defendants, who were the general consignees of the vessel, indorsed on the bill of lading an order to the master to deliver the goods to the plaintiffs, and afterwards indorsed on a duplicate bill of lading an order to the master to deliver the same goods to D. & H.   The latter bill of lading being first presented, the goods were delivered to D. & H.   *Held*, in an action brought to recover the value of the goods, it appearing the plaintiffs had paid the freight, or tendered payment of it, that the property in the goods was vested in them, and that the defendants were liable for a conversion.

APPEAL from the district court of the district of San Francisco.   The facts are stated in the opinion of the court.

*Elisha Cook*, for the plaintiffs.

*Mr. Botts*, for the defendants.

*By the Court*, HASTINGS, Ch. J.   Moore & Griffith, of Baltimore, shipped to the plaintiffs at San Francisco ten boxes and five trunks, being in all fifteen packages.   By the bill of lading the goods were to be delivered to the plaintiffs.   The defendants were the general consignees of the ship.   On the arrival of the ship at San Francisco, the defendants indorsed on the bill of lading held by the plaintiffs an order to the master to deliver the goods to the plaintiffs.

Subsequently, another bill of lading for goods of the same description was presented to the defendants, by another party, and the defendants indorsed an order to the master to deliver such goods to Dall & Austin, the holders of the bill of lading last presented.   The last bill was first presented, and the goods delivered according to the order of the defendants.   The plaintiffs, on calling for their goods, found they had been delivered to Dall & Austin, and thereupon they brought suit against the defendants for the value of the goods.   The goods were the property of the plaintiffs, and the freight having been paid, the consignees of the vessel, by their order, had surrendered them to the control of the owners, and they were subject to their order, and to the order of no other person.

The defendants had no greater right to take these goods and dispose of them to Dall & Austin than the other goods and chattels of the plaintiffs.   There was a conversion for which the defendants are clearly liable.   That they were the agents of the owners of the ship will not relieve them from such liability. The master of the ship, the owners, the person who received the goods, may all be liable for a conversion of the plaintiffs' property.   (*See Angell on Com. Carriers, sec.* 324.)

The judgment is therefore affirmed.(*a*)

(*a*) Upon a motion for a re-hearing in the above case, the following opinion was given by

HASTINGS, Ch. J.   I see no reason for granting a re-hearing.   If, as stated in

---

the papers for the motion, the action was upon a contract and not a tort, then certainly the case is with the plaintiffs, for they have the right to waive the tort and sue in *assumpsit* on an implied contract to pay the value of the goods—but the plaintiffs complain of a conversion. In their complaint, they distinctly aver that the defendants had converted the goods by delivering them or ordering them to be delivered " to some other person." In the petition for a re-hearing it is stated that the complaint sets forth no cause of action, because it alleges no property in the goods. The complaint, the bill of lading, and the agreed statement of facts, show that Moore & Griffith shipped the goods to plaintiffs, to be delivered to them upon the sole condition of payment of freight. The presumption therefore is, that they were the owners of the goods, having the right of property in them. And from the indorsement on the bill of lading by the defendants of the order to the master, it is to be presumed the freight was paid. The statement of facts shows that the freight was tendered, so that they had the right of possession. There is no evidence that any other person was the owner of the goods, nor is it even averred in the pleadings that such was the fact. The general consignees of the vessel had no right to dispute the right of the plaintiffs to the immediate possession. They should have been governed by the bill of lading first presented.

Motion denied.